UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2404 |
| | § | |
| JUSTIN DUCK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss filed by defendants Noe Diaz and Justin Duck (collectively, "Defendants"[1]). Dkt. 10. Plaintiff Richard Rivera responded. Dkt. 11. Having considered the live complaint, motion, response, and applicable law, the court is of the opinion that Defendants' motion should be GRANTED.

**I. BACKGROUND**

This is a civil rights lawsuit involving Rivera's arrest, conviction, and eventual acquittal.[2] *See* Dkt. 9 at 5–6. Rivera began working as a peace officer for the Texas Department of Public Safety in 1981. *Id*. at 3. In 2008, he took an approved side job at a rodeo while still employed as a peace officer. *Id*. at 1. The rodeo added horse racing in 2013. *Id*. at 1.

On October 12, 2013, Defendants and Officer C. C. arrested and jailed Rivera for the felony of conducting a horse race where betting occurred without a license. *Id*. at 2. He was convicted in

---

[1] Defendant Officer C. C. is not a party to this motion and is thus not included when the court refers to "Defendants."

[2] For the purposes of a motion to dismiss, the court accepts all well-pled facts contained in Rivera's amended complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

the 338th District Court of Harris County on November 12, 2014. *Id*. at 4. He claims that his conviction resulted, in part, from the testimony of Duck, Diaz, and C. C. *Id*. at 4. Rivera asserts that at some point before October 12, 2015, he sought to retain counsel to assert a false arrest claim, but the attorneys opted not to represent him, indicating that a false arrest claim requires probable cause and that his conviction undermined that necessary element. *Id*. at 5. On November 17, 2016, the First Court of Appeals of Texas overturned his conviction. *Id*. at 5. On account of the trial expenses, attorneys' fees, bond fees, ruined credit, loss of reputation, and temporary loss of his peace officer's license and its earning potential, Rivera alleges losses of $500,000 or more. *Id*. at 2, 4–5.

Rivera sued Defendants and C. C. for: (1) conspiracy; (2) violations of the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1983; and (3) supervisor liability under 42 U.S.C. § 1983.[3] Dkt. 9 at 5–6. In their motion to dismiss, Defendants argue that each claim fails. Dkt. 10.

## II. LEGAL STANDARD

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

---

[3]Although not included in his original or amended complaint, Rivera's response to Defendants' motion to dismiss states that he "also brings a Texas malicious prosecution claim." Dkt. 11 at 13 n. 9. The pleadings must state a plaintiff's claims for relief to provide notice to opposing parties. Fed. R. Civ. P. 8(a)(2); *Anderson v. U.S. Dept. of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). Thus, Rivera failed to allege a Texas malicious prosecution claim.

2

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

Defendants contend that: (1) Rivera's Fourth and Fifth Amendment claims fail because they are barred by the statute of limitations; (2) his Fourteenth Amendment claim fails because it is for false arrest which arises under the Fourth Amendment, not the Fourteenth Amendment; (3) his supervisor liability claim fails because he did not allege that Diaz was a supervisor, that Diaz failed to supervise, that any failure to supervise was causally connected with a violation of Rivera's rights, or that Diaz exhibited a pattern of similar rights violations via other false arrests; and (4) his conspiracy claim fails under the intracorporate conspiracy doctrine. Dkt. 10 at 2–5.

A.  **Fourth Amendment Claim**

Rivera's amended complaint does not specify which factual allegations constitute a Fourth Amendment violation. *See* Dkt. 9 at 6. Defendants assume that Rivera's Fourth Amendment claim is for false arrest. *See* Dkt. 10 at 2–3. Defendants argue that Rivera had two years from his arrest on October 12, 2013, to file that claim and that the claim should be dismissed because he did not file suit until August 7, 2017. *Id.* at 2–3.

If Rivera's Fourth Amendment claim is for false arrest or imprisonment, it is subject to a two-year statute of limitations that commenced when he was first "detained pursuant to legal process." *Jaramillo v. Renner*, 697 F. App'x 326, 326 (5th Cir. 2017) (per curiam) (citing *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091 (2007)). But the court cannot conclude that Rivera's claim is barred by the statute of limitations based on Defendants' speculations regarding the basis for the underlying claim.[4] Still, Rivera must plead enough facts to show that the claim is plausible. *See In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 570). Rivera did not meet that burden. Thus, Defendants' motion to dismiss Rivera's Fourth Amendment claim is GRANTED. The court GRANTS Rivera leave to amend to clarify the factual basis for, and nature of, his Fourth Amendment claim. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified.").

---

[4]Further, the statute of limitations for false arrest began to run "when he appeared before the examining magistrate and was bound over for trial," not the date of Rivera's arrest. *Wallace*, 549 U.S. at 392. The complaint, motion, and response all fail to provide the date when Rivera was "detained pursuant to legal process," so the court cannot yet determine if Fourth Amendment claims for false arrest and false imprisonment would be barred by the statute of limitations.

B.      **Fifth Amendment Claim**

Rivera claims that Defendants violated the Fifth Amendment by depriving him of liberty without due process of law. Dkt. 9 at 6. Like the Fourth Amendment claim, Rivera does not state which facts support a Fifth Amendment violation. *See id*. Defendants view Rivera's Fifth Amendment claim as relating to his arrest and prosecution. *See* Dkt. 10 at 3. They note that their involvement with the arrest and prosecution ended in November 2014 when Rivera was convicted. *Id*. at 3; *see* Dkt. 9 at 2. Defendants also note that the statute of limitations for § 1983 claims is two years. *See* Dkt. 10 at 3. Accordingly, they argue that the statute of limitations ran no later than November 2016 and that Rivera's claim is therefore barred. *Id*. Rivera's response does not mention the Fifth Amendment. *See* Dkt. 11.

The statute of limitations for § 1983 claims is two years. *See Wallace*, 549 U.S. at 387; Tex. Civ. Prac. & Rem. Code § 16.003(a)–(b). But "the statute of limitations does not begin running on section 1983 prosecution claims until proceedings have terminated in the plaintiff's favor." *Price v. City of San Antonio*, 431 F.3d 890, 894 (5th Cir. 2005). As explained in *Castellano v. Fragozo*, "constitutional deprivations suffered in a state court prosecution" do not "accrue[] until the conviction has been set aside where, as here, the suit calls the validity of the conviction into play." 352 F.3d 939, 959 (5th Cir. 2003) (en banc).

According to Rivera's complaint, Rivera was first arrested and jailed on October 12, 2013. Dkt. 9 at 2. He was then convicted on November 12, 2014. *Id*. The First Court of Appeals of Texas overturned the conviction on November 17, 2016. *Id*. After the Texas Court of Criminal Appeals refused the State of Texas's petition for discretionary review on March 8, 2017, the Texas district court entered a judgment of acquittal on April 21, 2017. *Id.* Rivera sued Defendants on August 7, 2017. *See* Dkt. 1. Thus, if Rivera's Fifth Amendment claim is based on a constitutional violation

that took place during his prosecution, the cause of action did not accrue until at least November 17, 2016—within two years of when Rivera sued.

However, because Rivera failed to specify the grounds for his Fifth Amendment violation claim in his complaint, Defendants' motion to dismiss that claim is GRANTED. *See In re Katrina*, 495 F.3d at 205. The court GRANTS Rivera leave to amend to clarify the factual basis for, and nature of, his Fifth Amendment claim against Defendants.[5] *See Jacquez*, 801 F.2d at 792.

## C. Fourteenth Amendment Claim

Rivera claims Defendants violated the Fourteenth Amendment by depriving him of liberty without due process of law. Dkt. 9 at 6. Like the Fourth and Fifth Amendment claims, Rivera does not state which factual allegations support a Fourteenth Amendment violation. *See id*. Defendants construe Rivera's Fourteenth Amendment claim as relating to the wrongful arrest. Dkt. 10 at 5. They argue that the claim "is properly considered under the Fourth Amendment, not the Fourteenth Amendment," and that the court should therefore dismiss it. Dkt. 10 at 3.

The Fourth Amendment's privacy rights apply to state actors by way of the Fourteenth Amendment. *Albright v. Oliver*, 510 U.S. 266, 310 n.28, 114 S. Ct. 807 (1994). Further, § 1983 claims based on Fourth Amendment violations should be considered under the Fourth Amendment, not the Fourteenth Amendment. *See Blackwell v. Barton*, 34 F.3d 298, 302 (5th Cir. 1994). But claimants may assert non-Fourth Amendment claims under the Fourteenth Amendment. *Cf. Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662 (1986) (listing examples). Thus, without knowing

---

[5]Although the court grants Rivera leave to amend his complaint to properly assert a Fifth Amendment claim, a claim for "a denial of his right to due process" under the Fifth Amendment will fail because Defendants are state actors, not federal actors. *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

6

the basis for Rivera's Fourteenth Amendment claim, the court cannot determine if the claim should be considered under the Fourth Amendment instead.

Because Rivera failed to specify the grounds for his Fourteenth Amendment claim, Defendants' motion to dismiss that claim is GRANTED. *See In re Katrina*, 495 F.3d at 205. The court GRANTS Rivera leave to amend to clarify the factual basis for, and nature of, his Fourteenth Amendment claim against Defendants. *See Jacquez*, 801 F.2d at 792. However, *Blackwell* bars any Fourteenth Amendment claim based on alleged Fourth Amendment violations. 34 F.3d at 302.

### D. Supervisor Liability

In Rivera's complaint, he alleges that "Ranger Diaz was aware of what was happening to Trooper Rivera and had a duty to supervise but failed to intervene and prevent the Constitutional violations from occurring." Dkt. 9 at 6. Rivera also asserts that Diaz provided "guidance and training" to Duck who "investigated and then arrested and jailed Trooper Rivera." *Id*. at 2. Defendants argue in their motion to dismiss that "Rivera's one sentence accusation against Ranger Diaz fails to meet" the legal requirements for a § 1983 supervisor liability claim. Dkt. 10 at 5. They argue that Rivera has not alleged that: (1) Diaz was a supervisor; (2) Diaz failed in performing any supervisory duties; (3) there was a causal link between a duty to supervise and the alleged violations of Rivera's rights; (4) any failure on Diaz's part "amounted to deliberate indifference"; or (5) an "unnamed subordinate was involved in a pattern of similar incidents." *Id*. Rivera's response does not address these arguments. *See* Dkt. 11.

As a prerequisite to a § 1983 claim, a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Roberts v. City of Shreveport*, 397 F.3d 287, 291–92 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)). "Supervisory officials cannot

be held liable under section 1983 for the actions of subordinates . . . on any theory of vicarious or respondeat superior liability. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). "To establish § 1983 liability against supervisors, the plaintiff must show that: (1) the [supervisor] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Roberts*, 397 F.3d at 292.

"For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *McCully*, 406 F.3d at 381 (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)). "Deliberate indifference requires a showing of more than negligence or even gross negligence." *Id*. "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a constitutional violation.'" *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (quoting *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001)). "[A] single incident is usually insufficient to demonstrate deliberate indifference." *McCully*, 406 F.3d at 382.

Though Rivera asserts that Diaz trained and guided Duck's efforts to investigate and arrest Rivera, he has not pled facts indicating that Diaz's actions amounted to deliberate indifference. *See* Dkt. 9 at 6. Accordingly, Rivera's supervisory liability claim fails, and Defendants' motion to dismiss the claim is GRANTED. However, the court GRANTS Rivera leave to amend to properly plead the cause of action if he has grounds to do so. *See Jacquez*, 801 F.2d at 792.

### E. Conspiracy

Rivera alleges that "Defendants conspired . . . to arrest, prosecute, and convict [him] when they knew there was no probable cause." Dkt. 9 at 6. Defendants argue that members "of a single legal entity . . . cannot conspire" and that because "Diaz and Duck are both employees of the Texas Department of Public Safety . . . as a matter of law, they cannot have conspired to violate Rivera's constitutional rights." Dkt. 10 at 3–4. Rivera does not respond to this argument. *See* Dkt. 11.

Under the intracorporate conspiracy doctrine—as applied to claims under 42 U.S.C. § 1985(3)—members of an entity like a department of a state government "constitute a 'single legal entity which is incapable of conspiring with itself.'" *Thornton v. Merch.*, 526 F. App'x 385, 388 (5th Cir. 2013) (quoting *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998)); *Benningfield*, 157 F.3d at 373–74, 378–79 (applying the intracorporate conspiracy doctrine to bar a § 1985(3) conspiracy claim in a suit against employees of a police department). The same reasoning has been applied in cases involving 42 U.S.C. § 1983. *See LaFleur v. McClelland*, No. 4:13-CV-425, 2013 WL 5148181, at *4 (S.D. Tex. Sept. 11, 2013) ("As a matter of law, police officers conducting government operations with other police officers are not subject to conspiracy claims under § 1983.").

Central to Rivera's conspiracy allegation is the notion that "DPS Agent Justin Duck in concert with Ranger Diaz and Officer C. C. investigated and then arrested and jailed Trooper Rivera." Dkt. 9 at 4. And while Defendants argue that the intracorporate conspiracy doctrine shields them because they were employees of the Texas Department of Public Safety, the amended complaint, motion to dismiss, and response do not explain if C. C. also works for that department. That fact is essential for the court to determine Defendants' potential liability for conspiring with C. C. against Rivera, so it is unclear if the intracorporate conspiracy doctrine bars the claim.

However, "a conspiracy claim is not actionable without an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (citation omitted). Because Rivera has failed to properly allege a § 1983 claim, the court *sua sponte* raises this ground for dismissal and GRANTS Defendants' motion to dismiss. *See Harris v. Rivera*, No. 3:11-CV-3013-D, 2013 WL 246709, at *13 (N.D. Tex. Jan. 23, 2013). The court GRANTS Rivera leave to amend his complaint to address this deficiency if he has grounds to do so.

### IV. CONCLUSION

Defendants Diaz and Duck's motion to dismiss (Dkt. 10) is GRANTED. Rivera's claims are DISMISSED WITHOUT PREJUDICE. The court GRANTS Rivera leave to amend his complaint *only* to cure the pleading deficiencies as set forth in this order. Rivera may not allege new causes of action not alleged in his amended complaint. If Rivera chooses to amend his complaint, he must file another amended complaint within twenty-one (21) days from the date of this order.

Further, Rivera has not served C. C. with summons even though more than ninety days have passed since Rivera filed his complaint on August 7, 2017. *See* Fed. R. Civ. P. 4(m) (providing ninety days for service). If Rivera chooses to amend his complaint and allege claims against C. C., the court ORDERS Rivera to serve C. C. within twenty-one (21) days from the date of this order.

Signed at Houston, Texas on May 11, 2018.

_____
Gray H. Miller
United States District Judge