# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD RIVERA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2404 |
| | § | |
| JUSTIN DUCK, NOE DIAZ, and OFFICER C.C., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are motions to dismiss filed by defendants Justin Duck, Noe Diaz, and Officer C.C. ("Defendants"). Dkts. 21, 24. Plaintiff Richard Rivera responded. Dkt. 29. Having considered the motions, response, reply, and applicable law, the court is of the opinion that the motions should be GRANTED.

## I. BACKGROUND

This is a civil rights case. Rivera, a former Texas Department of Public Safety ("DPS") officer, filed suit against other DPS officers in connection with Rivera's arrest for and subsequent acquittal of illegal horse racing charges. Dkt. 17. Rivera's first amended complaint alleged conspiracy, supervisory liability, and broad constitutional violations by the Defendants. Dkt. 9. Defendants Duck and Diaz filed a Rule 12(b)(6) motion to dismiss the complaint, which the court granted. Dkt. 16. However, the court also granted Rivera leave to amend his complaint and cure his pleading deficiencies. *Id.* Rivera subsequently filed his second amended complaint, alleging (1) unspecified Fourth and Fourteenth Amendment violations actionable under 42 U.S.C. § 1983; (2) conspiracy; and (3) supervisory liability. Dkt. 17. All three Defendants then filed the pending motions to dismiss. Dkts. 21, 24.

Despite the court's instruction that Rivera cure his pleading deficiencies, Rivera's second amended complaint still fails to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants' motions to dismiss are therefore GRANTED.

## II. ANALYSIS

### A. Fourth Amendment Claims

Rivera's previous complaint broadly alleged Fourth Amendment violations actionable under § 1983. Dkt. 9. However, while § 1983 does provide a private cause of action for constitutional violations, Fourth Amendment § 1983 actions are analogous to and generally framed as specific common law torts. *See, e.g.*, *Wallace v. Kato*, 549 U.S. 382, 127 S. Ct. 1091 (2007); *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). Rivera's previous complaint did not specify which tort or claim he intended to allege, and Rivera's vague claims forced the Defendants to speculate that Rivera intended to bring a Fourth Amendment false imprisonment claim. Dkt. 16 at 4. The court concluded that Rivera's case could not proceed based on the Defendants' speculation and ordered Rivera to "clarify the factual basis for, and nature of, his Fourth Amendment claim" in an amended complaint. *Id.*

However, Rivera's amended complaint still fails to sufficiently clarify his claims. While the amended complaint includes added factual allegations, the complaint does not explain how the alleged facts show a constitutional violation. *See* Dkt. 17 at 9–10. As with Rivera's previous complaint, the amended complaint's deficiencies force the Defendants to speculate about the basis for Rivera's underlying claims. Dkt. 21 at 3–4; Dkt. 24 at 2–3; *cf.* Dkt. 16 at 4. The Defendants again speculated that Rivera's Fourth Amendment claim was for false arrest and framed their motions to dismiss accordingly. Dkts. 21, 24.

In response to the motions to dismiss, Rivera attempts to clarify that his complaint includes (1) a Fourth Amendment false imprisonment claim,[1] (2) a Fourth Amendment malicious prosecution claim, and (3) a state malicious prosecution claim.[2] Dkt. 29 at 12–17. However, Rivera's response is not a part of the complaint and cannot correct pleading defects in the complaint. A complaint must give a "short and plain statement of the claim . . . in order to give the defendant fair notice of [] what the claim is and the grounds upon which is rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted); *see also* Fed. R. Civ. P. 8. Rivera's amended complaint does not give the Defendants fair notice of Rivera's Fourth Amendment claim because it forces the Defendants to speculate as to the nature of that claim. The court expressly ordered Rivera to fix this pleading deficiency, but Rivera failed to do so. Dkt. 16 at 4. Defendants' motions to dismiss Rivera's Fourth Amendment claims are therefore GRANTED.

## B. Fourteenth Amendment Claim

Rivera's Fourteenth Amendment claim suffers from the same deficiencies as his Fourth Amendment claims. In its previous order, the court ordered Rivera to "clarify the factual basis for,

---

[1]Independent of any pleading defects, this claim is also time barred. The two-year statute of limitations for false imprisonment began to run as soon as Rivera was detained pursuant to legal process. Dkt. 16 at 4. This occurred on October 12 or 13, 2013, when Rivera appeared before a magistrate and was released on bond. Dkt. 17 at 6; *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091 (2007). Rivera did not file suit until August 2017, nearly four years after the cause of action accrued. Dkt. 1. Rivera admits that this claim is time barred under Supreme Court precedent, but argues for a change in the law. Dkt. 29 at 15 n.12. However, this court is not at liberty to overrule the Supreme Court's clear decision on this issue. *See Wallace*, 549 U.S. at 391 (concluding that the statute of limitations on the petitioner's § 1983 false imprisonment claim "commenced to run when [petitioner] appeared before the examining magistrate and was bound over for trial").

[2]Rivera's amended complaint does not include any state claims. Dkt. 17. A response to a motion to dismiss is not a proper pleading under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 7 (listing the permitted pleadings in a federal civil action); Fed. R. Civ. P. 8 (governing pleadings stating a claim for relief). Rivera's state malicious prosecution claim therefore fails.

and nature of, his Fourteenth Amendment claim against Defendants." Dkt. 16 at 7. Rivera has failed to do so. Even if the court could consider Rivera's response as a part of the complaint, the Fourteenth Amendment is not a proper vehicle for any of the claims Rivera's response identifies. Dkt. 16 at 6–7 (noting that a false arrest claim is properly brought under the Fourth Amendment, not the Fourteenth Amendment); *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003) (noting that a malicious prosecution-type claim is also properly brought under the Fourth Amendment). For these reasons and the reasons discussed in the court's previous order (Dkt. 16 at 6–7), Rivera's Fourteenth Amendment claim fails.

### C. Conspiracy Claim

Rivera's amended complaint also includes a conspiracy claim against the Defendants. Dkt. 17 at 7–8. However, the amended complaint clarifies that all of the Defendants were DPS employees at the time of the alleged violations. *Id.* at 4. This claim therefore fails for the reasons set out in the court's previous order. Dkt. 16 at 9–10 ("[M]embers of an entity like a department of a state government constitute a single legal entity which is incapable of conspiring with itself." ) (quotations omitted) (citing *Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013)).

### D. Supervisory Liability Claim

Finally, Rivera's amended complaint alleges that defendants Duck and Diaz have supervisory liability for their own actions and the actions of defendant C.C. Dkt. 17 at 10–11. However, Rivera's claim fails for the reasons stated in this court's previous order. Dkt. 16 at 7–8. Rivera still has not pled facts indicating that the Defendants' actions amounted to deliberate indifference, as is required for supervisory liability under § 1983. Rivera has not pled that any of the Defendants' actions were part of a "pattern of violations" or that any training provided by the Defendants was obviously inadequate and "obviously likely to result in a constitutional violation." *Cousin v. Small*,

4

325 F.3d 627, 637 (5th Cir. 2003) (citations omitted).  Rivera's supervisory liability claim therefore fails.

### III. CONCLUSION

Defendants' motions to dismiss (Dkts. 21, 24) are GRANTED for the reasons set out in this order and the court's previous order (Dkt. 16).  Rivera's claims are DISMISSED WITH PREJUDICE.  The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on November 5, 2018.

_____
Gray H. Miller
United States District Judge